IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Case No. _____

MATTHEW E. HORNADAY,

    Plaintiff,

vs.

UNUM LIFE INSURANCE COMPANY
OF AMERICA; and THE TRUST COMPANY
OF THE SOUTH GROUP LONG TERM
DISABILITY PLAN,

    Defendants.

**COMPLAINT**

PRELIMINARY STATEMENT[1]

Matthew E. Hornaday ("Plaintiff") brings this ERISA action against Unum Life Insurance Company of America ("Unum") and The Trust Company of the South Group Long Term Disability Plan (the "Plan"), to secure long-term disability and other benefits to which Plaintiff is entitled under the Plan, which is administered by Unum. Mr. Hornaday is covered under the policy by virtue of his employment with the Trust Company of the South ("Trust Company"), the sponsor of the Plan.

---

[1] This Preliminary Statement gives a synopsis of Plaintiff's claims and is not intended as an allegation to be answered by Defendants.

## PARTIES

1. Plaintiff is a citizen and resident of Forsyth County, North Carolina.

2. Defendant Unum is a properly organized business entity doing business in the state of North Carolina.

3. The Plan is an employee welfare benefit plan organized and subject to the Employee Retirement Income Security Act ("ERISA"), ERISA, 29 U.S.C. Section 1001, *et. seq.* and the regulations promulgated thereunder. At all times pertinent to this action, Trust Company sponsored and maintained the Plan. Trust Company is the plan administrator for the Plan under ERISA because it is named as the plan administrator in the Plan or, alternatively, it is the employer sponsoring the Plan and therefore is the default plan administrator under ERISA § 3(16), 29 U.S.C. § 1002(16).

## JURISDICTION AND VENUE

4. This court has jurisdiction to hear this claim pursuant to 28 U.S.C. § 1331, in that the claim arises under the laws of the United States. Specifically, Plaintiff brings this action to enforce his rights under ERISA, as allowed by ERISA § 502, 29 U.S.C. § 1132.

5. Venue in the Western District of North Carolina is appropriate by virtue of the Defendants doing business and being found in this District.

## FACTUAL ALLEGATIONS

6. At all times relevant to this action, Plaintiff has been a covered beneficiary under the Plan by virtue of his employment with Trust Company.

7. The Plan offers long term disability ("LTD") benefits.

8. Under the terms of the Plan, Defendant Unum administers the Plan and has authority to grant or deny benefits.

9. Defendant Unum has a fiduciary obligation to Plaintiff to administer the Plan fairly, and to determine benefits according to the terms of the Plan.

10. Plaintiff is a 44-year old man who worked full-time for Trust Company as a Principal in the roles of Chief Operating Officer and Wealth Advisor until on or about April 20, 2023. On that date, Plaintiff's impairments became so severe that he could no longer sustain full-time work and he had to take leave from his employment.

11. Plaintiff suffers from myalgic encephalomyelitis or chronic fatigue syndrome ("ME/CFS") and other ailments, which prevent him from performing the material and substantial duties of his regular occupation or any occupation.

12. Plaintiff applied to Defendant Unum and the Plan for LTD benefits and submitted medical information showing that he is totally disabled. Plaintiff's claim for LTD benefits was denied.

13. Plaintiff pursued his administrative remedies set forth in the Plan by requesting administrative review of Defendant Unum's denial of benefits. He submitted additional information to show that he is totally disabled.

14. On or about November 30, 2023, Defendant Unum denied Plaintiff's appeal of his claim for LTD benefits. To the extent required under law, Plaintiff exhausted his administrative remedies, and his claim is ripe for judicial review pursuant to ERISA § 502, 29 U.S.C. § 1132.

15. Defendants have wrongfully denied benefits to Plaintiff in violation of the Plan provisions and ERISA for the following reasons:

    a. Plaintiff is totally disabled, in that he cannot perform the material and substantial duties of his regular occupation or any occupation;

b. Defendant Unum failed to accord proper weight to the evidence in the administrative record showing that Plaintiff is totally disabled; and

c. Defendant Plan has violated its contractual obligation to furnish LTD benefits to Plaintiff.

## FIRST CLAIM FOR RELIEF:
## WRONGFUL DENIAL OF BENEFITS UNDER ERISA, 29 USC § 1132

16. Plaintiff reincorporates and realleges the allegations contained in the paragraphs above as if fully set forth herein.

17. Defendants have wrongfully denied benefits to Plaintiff in violation of the Plan provisions and ERISA for the following reasons:

a. Plaintiff has been wrongfully denied long-term disability benefits;

b. Defendant Unum failed to accord proper weight to the evidence in the administrative record; and

c. Defendant Plan has violated its contractual obligation to furnish long-term disability benefits to Plaintiff.

## SECOND CLAIM FOR RELIEF:
## ATTORNEY'S FEES UNDER ERISA § 502, 29 USC § 1132

18. Plaintiff reincorporates and realleges the allegations contained in the paragraphs above as if fully set forth herein.

19. Plaintiff is entitled to his attorney's fees and costs pursuant to ERISA § 502(g), 29 U.S.C. § 1132(g).

WHEREFORE, Plaintiff prays that the Court:

1.      Grant Plaintiff declaratory and injunctive relief, finding that he is entitled to LTD benefits under the terms of the Plan, and that Defendants be ordered to pay LTD benefits according to the terms of the Plan until such time as Plaintiff is no longer disabled or reaches the maximum age for which benefits are provided under the Plan;

2.      Grant Plaintiff injunctive and declaratory relief providing that he is entitled to any other associated or related benefits sponsored or maintained by Defendants for which Plaintiff qualifies as a result of his disability;

3.      Enter an order awarding Plaintiff all reasonable attorneys' fees and expenses incurred as a result of Defendants Plan's and Unum's wrongful denial in providing benefits to Plaintiff;

4.      Enter an order awarding Plaintiff pre-judgment interest and, to the extent applicable, post-judgment interest; and

5.      Enter an award for such other and further relief as may be just and appropriate.

Dated this __ day of January, 2024.

Respectfully Submitted,

*/s/ Hannah Auckland*
*/s/ Bryan L. Tyson*
Bryan L. Tyson (N.C. Bar. No. 32182)
Hannah Auckland (N.C. Bar. No. 35953)
Marcellino & Tyson, PLLC
2200 East 7th Street, Suite 100
Charlotte, North Carolina 28204
Telephone: 704.919.1519
Fax: 980.219.7025
bryan@yourncattorney.com
hauckland@yourncattorney.com

**Attorneys for Plaintiff Matthew E. Hornaday**